BLD-002                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2880
_____

IN RE: ERNEST WOODALL,
                                        Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 2, 2014

Before: AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 7, 2014)
_____

OPINION
_____

PER CURIAM

Ernest Woodall, a state prisoner, filed this petition for a writ of mandamus seeking

an order directing the Pennsylvania Department of Corrections ("DOC") to permit him to

pay for postage for his legal mail using funds from his inmate account.[1] Woodall alleges

that the DOC's current policy regarding legal mail has worked to prohibit him from filing

_____
[1] He also asks us to appoint counsel.

documents in the United States District Court for the Western District of Pennsylvania and in this Court.[2]

We will deny the petition for writ of mandamus. Our authority to entertain a mandamus petition derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction[] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Traditionally, it may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (quoting Will v. United States, 389 U.S. 90, 95 (1967)).

Woodall does not allege an action or omission by a United States District Court within this Circuit over which we might exercise our authority by way of mandamus. Cf. United States v. Christian, 660 F.2d 892, 895 (3d Cir. 1981) (explaining that the "focal question" for a federal appellate court is whether an action of a district court impedes appellate jurisdiction granted in some other provision of law). Nor does he allege an action or omission by a federal officer, employee, or agency over which a United States District Court would have mandamus jurisdiction. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel

---

[2] Specifically, Woodall alleges that he has been unable to file documents in connection with a federal habeas petition that he filed in the District Court and a related appeal before us. However, the District Court has already denied Woodall's petition, see Woodall v. Walsh, W.D. Pa. Civ. No. 11-cv-00607 (order entered November 21, 2013),

an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") Instead, Woodall asks us to exercise our mandamus jurisdiction to direct a state agency to perform its duties in accordance with his wishes. We do not have the authority to grant that request. Cf. In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that a district court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official").

Accordingly, we will deny the petition for a writ of mandamus. We also deny Woodall's request for appointment of counsel.

---

and we have resolved his appeal, see C.A. No. 13-4721 (order entered June 6, 2014).